UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

CRAIG CARGILE, ADMINISTRATOR OF
THE ESTATE OF JOHN B. MCLEMORE,

 PLAINTIFF,

v.

SERIAL PRODUCTIONS, LLC;
THIS AMERICAN LIFE PUBLIC
BENEFIT CORPORATION;
BRIAN REED;
CHICAGO PUBLIC MEDIA, INC.;
SHITTOWN, LLC;
SERIAL PODCAST, LLC; AND
AMERICAN WHATEVER, LLC,

 DEFENDANTS.

CASE NO:

REMOVED FROM THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA (CASE NO. 07-CV-2018-900057.00)

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Serial Productions, LLC ("Serial Productions"); This American Life Public Benefit Corporation ("This American Life"); Brian Reed; Chicago Public Media, Inc. ("Chicago Public Media"); Shittown, LLC ("Shittown"); Serial Podcast, LLC ("Serial Podcast"); and American Whatever, LLC ("American Whatever") (together "Defendants"), by and through their undersigned counsel, hereby remove this action to the United States District Court for the Northern District of Alabama, Western Division, pursuant to

28 U.S.C. § 1332(a)(1) and (c). The grounds for removal of this action are as follows:

## I. The State Court Action

1. Plaintiff Craig Cargile, as the Administrator of the Estate of John B. McLemore ("Plaintiff") commenced this action on July 12, 2018, in the Circuit Court for Bibb County, Alabama, Case No. 07-CV-2018-900057.00 (the "State Court Action"). A true and correct copy of the Complaint (the "Complaint") filed in the State Court Action is attached to this Notice as Exhibit 1. The Complaint asserts claims for violation of Alabama's Right of Publicity Act, Code of Alabama, § 6-5-772, *et seq.*, unjust enrichment, a constructive trust, and declaratory judgment/injunctive relief arising out of the production and distribution of the S-Town podcast.

2. A true and correct copy of the summons served on Serial Productions is attached to this Notice as Exhibit 2.

3. A true and correct copy of the summons served on This American Life is attached to this Notice as Exhibit 3.

4. A true and correct copy of the summons served on Chicago Public Media is attached to this Notice as Exhibit 4.

5. A true and correct copy of the summons served on Shittown is attached to this Notice as Exhibit 5.

6. A true and correct copy of the summons served on Serial Podcast is attached to this Notice as Exhibit 6.

7. A true and correct copy of the summons served on American Whatever is attached to this Notice as Exhibit 7.

8. At this time Reed has not been served with a summons or the Complaint.

9. Plaintiffs served discovery requests on each of the Defendants, except for Reed, along with the summonses and the Complaint.

10. To Defendants' knowledge, no other documents have been filed or served on any of the Defendants in the State Court Action.

## II. This Court Has Original Jurisdiction Under 28 U.S.C. § 1332(a)(1) and (c)

11. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) and (c) because it is a civil action between citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1441(a), Defendants may therefore remove this action to this Court.

### A. Diversity Of Citizenship Exists

12. The citizenship of a corporation is determined by the state in which it is incorporated and the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77; 130 S. Ct. 1181, 1183; 175 L. Ed. 2d 1029 (2010) ("a

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

13. Based upon the allegations in the Complaint, Plaintiff admits that the decedent was a citizen of Bibb County, Alabama. (Complaint ¶ 2.) For purposes of diversity jurisdiction, Plaintiff is considered a citizen of Alabama. 28 U.S.C. § 1332(c)(2).

14. American Whatever is a limited liability company with two members: Ira Glass and Anaheed Alani. Both Ira Glass and Anaheed Alani are adult citizens of the State of New York. For purposes of diversity jurisdiction, American Whatever is considered a citizen of New York.

15. Serial Productions is a limited liability company with three members: Sarah Koenig, Julie Snyder, and American Whatever. Sarah Koenig is an adult citizen of the Commonwealth of Pennsylvania, Julie Snyder is an adult citizen of the State of New Jersey and American Whatever is a citizen of the State of New York. For purposes of diversity jurisdiction, Serial Productions is considered a citizen of New York, New Jersey and Pennsylvania.

16. This American Life is a public benefit corporation formed under the laws of the State of Delaware with its principal place of business in New York, New York. For purposes of diversity jurisdiction, This American Life is considered a citizen of Delaware and New York.

17. Reed is an adult citizen of the State of New York. For purposes of diversity jurisdiction, Reed is considered a citizen of New York.

18. Chicago Public Media is a not for profit corporation formed under the State of Illinois Not for Profit Corporations Act with its principal place of business in Chicago, Illinois. For purposes of diversity jurisdiction, Chicago Public Media is considered a citizen of Illinois.

19. Shittown is a limited liability company with Serial Productions, a citizen of New York and Pennsylvania, as its sole member. For purposes of diversity jurisdiction, Shittown is considered a citizen of New York, New Jersey and Pennsylvania.

20. Serial Podcast is a limited liability company with Serial Productions, a citizen of New York and Pennsylvania, as its sole member. For purposes of diversity jurisdiction, Serial Podcast is considered a citizen of New York, New Jersey and Pennsylvania.

21. This action is therefore one between citizens of different states for purposes of 28 U.S.C. § 1332(a)(1) and (c), because Plaintiff, on one hand, is a citizen of Alabama and Defendants, on the other hand, are citizens of Illinois, Delaware, New York, and/or Pennsylvania.

## B. The Amount in Controversy

22. Plaintiff makes claims under the Alabama Right of Publicity Act, which allows plaintiffs to seek compensatory damages that include "the defendant's profits derived from such use." Ala. Code § 6-5-774(1). Plaintiff also seeks disgorgement of Defendants' profits from the S-Town podcast and/or for a constructive trust to be placed upon Defendants' profits from the S-Town profits for the benefit of Plaintiff. (Complaint ¶¶ 42, 45.) Defendants' profits have been equal to or greater than $75,000. (Affidavit of Seth Lind, attached hereto as Exhibit 8.)

23. Therefore, the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

## III. Alternatively, This Court Has Original Jurisdiction Under 28 U.S.C. § 1331.

24. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because, while the Plaintiff does not allege its applicability in the Complaint, the Alabama statute under which the Plaintiff brings its claims expressly provides that it will not "allow for an abridgement of free speech rights under the First Amendment of the United States Constitution." Ala. Code § 6-5-773. The program at issue is an exercise of free speech rights under the First Amendment of the United States Constitution. Thus, Plaintiff's claims under the statute directly implicate the U.S. Constitution and establishing that the claims do not abridge First

Amendment rights is a necessary element of Plaintiff's statutory claims, allowing Defendants to remove this action to this Court.

**IV.     All Procedural Requirements For Removal Are Satisfied**

25.     The first of the Defendants to be served with a summons and the Complaint was served July 16, 2018.

26.     This Notice of Removal is therefore timely because Defendants filed it less than 30 days after being served with the Complaint. *See* 28 U.S.C. § 1446(b)(1).

27.     As required under 28 U.S.C. § 1446(d), Defendants will promptly send written notice of the removal of the State Court Action to Plaintiff's attorneys, and shall promptly file a copy of this Notice with the clerk of the Circuit Court for Bibb County, Alabama. This "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

28.     Pursuant to 28 U.S.C. § 1446(c) this Notice of Removal is being filed less than one year after suit was commenced in the State Court and filed in compliance with 28 U.S.C.§ 1446.

29.     Defendants have not attempted to litigate this case in state court or taken any action that could be construed as a waiver of its right of removal.

30. There are no other defendants whose consent is required for removal of the State Court Action to this Court.

31. In accordance with 28 U.S.C. § 1441(a), venue of the removed action lies in the United States District Court for the Northern District of Alabama, Western Division, because the State Court Action was filed within this judicial district and this division.

32. Pursuant to 28 U.S.C. § 1446(a) a true copy of all process, pleadings and orders served upon Defendants in said action are attached as Exhibits 1-7.

33. The Complaint purports to state claims against unnamed and fictitious defendants identified as Fictitious Defendants 1-100. For purposes of this removal "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

34. Nothing contained in this Notice shall be construed as a waiver of any defense or claim, or an admission of any allegation in the Complaint.

Respectfully submitted,

/s/*Dennis R. Bailey*
Dennis R. Bailey
Bar ID ASB-4845-I71D
*Attorneys for Defendants*
Serial Productions, LLC,
This American Life Public Benefit Corporation
Brian Reed
Chicago Public Media, Inc.
Shittown, LLC
Serial Podcast, LLC
American Whatever, LLC

Of counsel:
Rushton Stakely Johnston & Garrett, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270
(334) 206-3234 (phone)
(334) 481-0031 (fax)
drb@rushtonstakely.com (email)

Dated:  July 26, 2018.

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 26, 2018 the foregoing **Notice of Removal** was served upon the following via e-mail and first-class U.S. mail as follows:

>Richard J.R. Raleigh, Jr.
>Christopher L. Lockwood
>Wilmer & Lee, P.A.
>100 Washington Street, Suite 100
>Huntsville, AL 35801
>(256) 533-0202
>rraleigh@wilmerlee.com
>clockwood@wilmerlee.com
>
>R. Cooper Shattuck
>Cooper Shattuck, LLC
>P.O. Box 3142
>Tuscaloosa, AL 35403
>(877) 442-6673
>cooper@coopershattuck.com

By: /s/ *Dennis R. Bailey*