DOCUMENT 2
Case 7:18-cv-01167-LSC   Document 1-1   Filed 07/26/18   Page 1 of 16

ELECTRONICALLY FILED
7/12/2018 3:47 PM
07-CV-2018-900187.00
CIRCUIT COURT OF
BIBB COUNTY, ALABAMA
GAYLE STEWART BEARDEN, CLERK

FILED
2018 Jul-27  AM 09:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

EXHIBIT 1

IN THE CIRCUIT COURT OF BIBB COUNTY, ALABAMA

| | |
|---|---|
| CRAIG CARGILE, Administrator of the Estate of John B. McLemore,<br><br>Plaintiff,<br><br>v.<br><br>SERIAL PRODUCTIONS, LLC; THIS AMERICAN LIFE PUBLIC BENEFIT CORPORATION; BRIAN REED; CHICAGO PUBLIC MEDIA, INC.; SHITTOWN, LLC; SERIAL PODCAST, LLC; AMERICAN WHATEVER, LLC; and, Fictitious Defendants 1-100;<br><br>Defendants. | Case No:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action by and on behalf of the Estate of John B. McLemore concerning the *S-Town* podcast and the unauthorized use of McLemore's indicia of identity and right of publicity without consent.

## PARTIES

2. Plaintiff Craig Cargile is resident of Bibb County, Alabama and is the duly appointed Administrator of the Estate of John B. McLemore ("McLemore"), deceased. (*See* Exhibit 1, Letters of Administration). At the time of his death, McLemore was a resident of Bibb County, Alabama.

1

3. On information and belief, Serial Productions, LLC, is a limited liability company formed under the laws of the State of New York with its principal place of business at 153 W. 27th Street, Suite 1104, New York, New York 10001.

4. On information and belief, Defendant This American Life Public Benefit Corporation is a public benefit corporation formed under the laws of the State of Delaware, with its principal place of business at 153 W. 27th Street, Suite 1104, New York, New York 10001.

5. On information and belief, Defendant Brian Reed is an adult resident of the State of New York.

6. On information and belief, Defendant Chicago Public Media, Inc., is a corporation formed under the laws of the State of Illinois with its principal place of business at 848 East Grand Ave, Navy Pier, Chicago, Illinois 60611.

7. On information and belief, Defendant Shittown, LLC is a limited liability company formed under the laws of the State of New York, with its principal place of business at 153 W. 27th Street, Suite 1104, New York, New York 10001.

8. On information and belief, Defendant Serial Podcast, LLC, is a limited liability company formed under the laws of the State of New York with its principal place of business at 153 W. 27th Street, Suite 1104, New York, New York 10001.

9.     On information and belief, American Whatever, LLC, is a limited liability company formed under the laws of the State of New York with its principal place of business at 153 W. 27th Street, Suite 1104, New York, New York 10001.

10.    Fictitious Defendants 1-100, whether singular or plural, are those persons, enterprises, and/or entities (and their parents, subsidiaries, predecessors, successors, partners, members, shareholders, employees, agents and other persons acting for or on their behalf): (1) who themselves or through their agents who have used or profited from the use of McLemore's indicia of identity or right of publicity in an unauthorized manner without consent; and (2) who themselves or through their agents participated, benefitted from, and/or otherwise were directly or indirectly involved in the acts and/or omissions alleged below, all of whose true names and legal identities are unknown to Plaintiff at this time, but who will be added by amendment, individually and jointly, when ascertained, and are liable to Plaintiff, as set forth in more detail below. Fictitious Defendants 1-100 must be joined as parties in this action because, without them, complete relief cannot be afforded among those already parties, or Fictitious Defendants 1-100 may be joined in this action because the relief sought by Plaintiff against the Defendants is joint, several, or alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law or fact will arise in this action.

11. Defendants, and each of them, were acting individually or as the agents, servants, employees, partners, alter egos, or co-venturers of one another or were otherwise engaged in a joint enterprise. Alternatively and/or additionally, Defendants, and each of them, were acting through their agents, servants, employees, partners, alter ego, and/or co-venturers and are liable to Plaintiff under respondeat superior and/or agency theories, or are otherwise vicariously liable to Plaintiff.

## VENUE AND JURISDICTION

12. Venue is proper in Bibb County, Alabama because (1) Mr. McLemore was a resident of Bibb County, Alabama at the time of his death and the Estate is located in Bibb County, Alabama; (2) a substantial parts of the events and/or omissions giving rise to this action occurred in Bibb County, Alabama. Without limitation, Defendants and/or their agents traveled to Bibb County, Alabama and engaged in purposeful activities in Bibb County in connection with the production of the *S-Town* podcast and the use of McLemore's indicia of identity. Through their actions, Defendants have purposefully availed themselves to the laws of the State of Alabama

13. This Court possesses personal jurisdiction over each Defendant because (1) Plaintiff's claims arise from business transacted by Defendants and/or their agents in Bibb County, Alabama; (2) Plaintiff's claims arise from tortious injury or damage by an act or omission of Defendants and/or their agents in Alabama; (3)

Plaintiff's claims arise from injury or damage caused in Alabama, and Defendant or their agents regularly do or solicit business in Alabama, or derive substantial revenue from goods used or consumed or services rendered in Alabama; (4) Plaintiff's claims arise from purposeful acts committed by and/or on behalf of each Defendant, in whole or in part, in or directed toward a resident of Bibb County, Alabama; and (5) each Defendant otherwise has continuous and systematic contacts with Alabama by engaging in numerous activities that have had an effect in Alabama. Accordingly, each Defendant is amenable to suit in Alabama.

## FACTS

14. John B. McLemore was a private individual who lived in Bibb County, Alabama.

15. In approximately 2012, McLemore sent an e-mail to the staff of *This American Life*, which, on information and belief, is owned and produced by Defendant This American Life Public Benefit Corporation. McLemore asked *This American Life* to investigate a suspected murder that he believed had occurred in his hometown of Woodstock, in Bibb County, Alabama.

16. After a series of communications with McLemore, Brian Reed, a producer for *This American Life* and/or the other Defendants, travelled to Bibb County, Alabama on behalf of himself and as an agent, employee, or representative of the other Defendants to investigate McLemore's allegations. Upon travelling to

Alabama, Reed conducted interviews and recorded conversations with McLemore. Reed also exchanged phone calls and e-mail communications with McLemore.

17. On or about June 22, 2015, McLemore committed suicide.

18. Before McLemore died, he confided in Reed that he was considering suicide. Reed recorded this but, on information and belief, told no health care provider, member of law enforcement, or relative of McLemore. After McLemore's death, Reed contacted friends and family of McLemore to obtain more information about McLemore's personal life.

19. Using McLemore's indicia of identity, Reed and the other Defendants produced a podcast, entitled *S-Town*. The podcast consists of seven episodes of approximately one hour each.

20. On or about March 28, 2017, Defendants premiered the *S-Town* podcast. Although the story of the podcast begins with Reed's investigation of the suspected murder, Reed learns within the first two episodes that no murder occurred, and the second episode ends with Reed learning that McLemore had committed suicide.

21. Upon McLemore's death, the podcast became a self-described "unearthing of the mysteries of one man's life."[1] The "mysteries" explored by the

---

[1] https://stownpodcast.org/

6

podcast include McLemore's sexual orientation and experiences, depressed thoughts, suicidal ideations, financial affairs, physical and mental health issues, and his interpersonal relationships with friends, family members, and sexual partners. None of these "mysteries" are matters of legitimate public concern, nor were these matters that McLemore contacted Reed to investigate or write about. Instead, they generally involved the most private matters of McLemore's life.

22.   On information and belief, the *S-Town* podcast has been broadcast in Alabama, has been downloaded by consumers in Alabama, and has generated advertising revenue for Defendants from Defendants' activities in Alabama. Additionally, the podcast and private details of McLemore's life have and are being used to advertise products and services to Alabama consumers.

23.   By and through the *S-Town* podcast, Defendants have affirmatively used McLemore's indicia of identity in a commercial manner to advertise, promote, or endorse the products, goods, and services of various advertisers. On information and belief, Defendants have used McLemore's indicia of identity to advertise and promote the products, goods, and services of advertisers such as Squarespace, Blue Apron, and Quicken Loans/Rocket Mortgage. On information and belief, these commercial advertisers have paid money to Defendants to obtain advertising for their products and services when the podcast is played.

24. Since its premier, the *S-Town* podcast has reportedly been downloaded more than 80 million times and continues to be available for download. On information and belief, Defendants continue to receive revenue from advertisers each time the podcast is downloaded or played.

25. The *S-Town* podcast contains McLemore's indicia of identity.

26. On information and belief, McLemore never gave consent to Reed or the other Defendants to use his indicia of identity for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services. Additionally, McLemore never gave consent to Reed or the other Defendants to broadcast the intimate details of his sexual orientation and experiences, depressed thoughts, suicidal ideations, financial affairs, physical and mental health issues, and his interpersonal relationships with friends, family members, and sexual partners.

27. The podcast itself acknowledges that McLemore did not wish certain information conveyed to Reed be publicly known, particularly with respect to McLemore's sexual orientation. Notwithstanding, Defendants have exploited this information in a salacious manner for the purpose of generating advertising revenue.

28. On information and belief, in violation of the exclusive rights of McLemore's estate, Defendants are presently attempting to sell, option, or license McLemore's indicia of identity as the basis for an *S-Town* movie.

29. Defendants have unjustly profited from the actions set forth herein.

## COUNT I

## ALABAMA RIGHT OF PUBLICITY ACT

30. Plaintiff incorporates and restates each of the previous allegations as if full set forth herein.

31. The Alabama Right of Publicity Act ("the Act"), Code of Alabama, § 6-5-772, *et seq.*, states:

> Except as otherwise provided in this article, any person or entity who uses or causes the use of the indicia of identity of a person, on or in products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising or selling, or soliciting purchases of, products, goods, merchandise, or services, or for purposes of fund-raising or solicitation of donations, or for false endorsement, without consent shall be liable under this article to that person, or to a holder of that person's rights.

Ala. Code § 6-5-772(a).

32. Under the Act, McLemore's publicity rights survive to his estate for a period of 55 years following his death. *See* Ala. Code § 6-5-771(3).

33. The *S-Town* podcast constitutes a use of McLemore's indicia of identity on products, goods, merchandise, or services entered into commerce in this state, or for purposes of advertising, or selling, or soliciting purchases of, products, goods, merchandise, or services.

34. The *S-Town* podcast constitutes of a copy of McLemore's indicia of identity for purposes of trade.

35. The *S-Town* podcast constitutes use of McLemore's indicia of identity in a commercial manner to advertise, promote, or endorse a product, good, or service.

36. Neither McLemore or his estate have provided consent for the manner in which Defendants are using McLemore's indicia of identity.

37. Defendants have unjustly profited and are continuing to profit from the unauthorized use of McLemore's indicia of identity without consent.

## COUNT II

## UNJUST ENRICHMENT

38. Plaintiff incorporates and restates the previous allegations as if fully set forth herein.

39. Defendants have profited from publicizing private information about McLemore. The matters publicized by Defendants are of a kind that would be highly offensive to a reasonable person, and are not of legitimate concern to the public.

40. Defendants' publication of the matters set forth herein was wrongful, unlawful, inequitable, indecent, unconscionable, outrageous, and unjust.

41. Defendants' retention of profits related to the *S-Town* podcast would unjustly enrich Defendants for their wrongful actions.

42. As a result of their wrongful actions, Defendants hold money that, in equity and good conscience, should be disgorged to McLemore's estate.

## COUNT III

## CONSTRUCTIVE TRUST/ACCOUNTING

43. Plaintiff incorporates and restates the previous allegations as if fully set forth herein.

44. As a result of Defendants' wrongful, unlawful, and inequitable conduct, as alleged above, Defendants have obtained profits which in justice and equity belong to Plaintiff.

45. Accordingly, Defendants hold said money in constructive trust for the benefit of Plaintiff and must account to Plaintiff for all such profits derived from the *S-Town* podcast and the unauthorized use of McLemore's indicia of identity. Moreover, these profits are impressed with an equitable lien for the benefit of Plaintiff. Accordingly, ownership of all sums must be accounted for and adjudicated to be vested in Plaintiff.

## COUNT IV

## DECLARATORY JUDGMENT/INJUNCTIVE RELIEF

46. Plaintiff incorporates and restates the previous allegations as if fully set forth herein.

47. Pursuant to the Alabama Right of Publicity Act, *supra*, McLemore's estate has the exclusive right to license McLemore's indicia of identity for commercial use.

48. On information and belief, Defendants are presently attempting to license the right to use McLemore's indicia of identity for production of a motion picture.

49. A justiciable controversy exists between Plaintiff and Defendants regarding their respective rights pertaining to the use of McLemore's indicia of identity.

50. A justiciable controversy exists between Plaintiff and Defendants regarding their respective right to any profits derived from the use of McLemore's indicia of identity.

51. Plaintiff is entitled to a declaratory judgment declaring its rights regarding the use of McLemore's indicia of identity and its entitlement to any profits derived from the use of McLemore's indicia of identity by Defendants.

52. Plaintiff is entitled to injunctive relief prohibiting Defendants from using McLemore's indicia of identity without Plaintiff's consent and requiring Defendants to disgorge any profits from the use of McLemore's indicia of identity without Plaintiff's consent.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Plaintiff demands a judgment against Defendants with the following relief:

1. An accounting and imposition of constructive trust over all profits derived by Defendants from the *S-Town* podcast and their unauthorized use of McLemore's indicia of identity without consent;

2. Disgorgement to McLemore estate of all profits derived by Defendants from the *S-Town* podcast and their unauthorized use of McLemore's indicia of identity without consent;

3. Compensatory damages in the amount of all profits derived by Defendants from the *S-Town* podcast and their unauthorized use of McLemore's indicia of identity without consent;

4. Punitive damages in amount determined by a jury;

5. Declaratory judgment declaring the rights of the parties regarding the use of McLemore's indicia of identity;

6. Injunctive relief prohibiting Defendants from making future use of McLemore's indicia of identity without Plaintiff's consent; and,

7. Any other further and different relief which the Court may determine to be just and appropriate under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted this 12th day of July, 2018.

*/s/ Richard J.R. Raleigh, Jr.*
Richard J.R. Raleigh, Jr. (RAL003)

*/s/ Christopher L. Lockwood*
Christopher L. Lockwood (LOC018)

WILMER & LEE, P.A.
100 Washington Street, Suite 100
Huntsville, AL 35801
T (256) 533-0202
F (256) 533-0303
rraleigh@wilmerlee.com
clockwood@wilmerlee.com

*/s/ R. Cooper Shattuck*
R. Cooper Shattuck (SHA030)

COOOPER SHATTUCK, LLC
P.O. Box 3142
Tuscaloosa, AL 35403
T (877) 442-6673
cooper@coopershattuck.com

## DEFENDANTS MAY BE SERVED AT:

SERIAL PRODUCTIONS, LLC
C/O FRANKFURT KURNIT KLEIN & SELZ, P.C.
ATTN: LAURA ROSENBLUM, ESQ.
488 MADISON AVENUE
NEW YORK, NEW YORK, 10022

THIS AMERICAN LIFE PUBLIC BENEFIT CORPORATION
153 W. 27TH ST, SUITE 1104
NEW YORK, NEW YORK, 10001

CHICAGO PUBLIC MEDIA, INC.
C/O CYNTHIA PHOTOS ABBOTT
848 EAST GRAND AVE
CHICAGO, ILLINOIS 60611

SHITTOWN, LLC
153 W. 27TH ST, SUITE 1104
NEW YORK, NEW YORK, 10001

SERIAL PODCAST, LLC
153 W. 27TH ST, SUITE 1104
NEW YORK, NEW YORK, 10001

AMERICAN WHATEVER, LLC
153 W. 27TH ST, SUITE 1104
NEW YORK, NEW YORK, 10001

IN THE PROBATE COURT OF BIBB COUNTY, ALABAMA

IN THE MATTER OF
THE ESTATE OF

JOHN BROOKS MCLEMORE,

DECEASED.

2017-PR35

LETTERS OF ADMINISTRATION

Letters of Administration of the Estate of John Brooks McLemore, deceased, are hereby granted to Craig A. Cargile, who has duly qualified and given bond as such if required and is authorized to administer such Estate.

Done and Ordered this 19th day of June, 2017.

_____
Judge of Probate

I, Stephanie W. Kemmer, Judge of Probate in and for Bibb County, Alabama do hereby certify that the within and foregoing is a true and correct copy of the Letters of Administration granted to Craig A. Cargile upon the estate of John Brooks McLemore, deceased. I further certify that the said Letters of Administration are in full force and effect and entitled to full faith and credit.

Given under my hand and seal this 19th day of June, 2017.

_____
Judge of Probate

**EXHIBIT 1**