# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| CRAIG CARGILE, *Administrator of the Estate of John B. McLemore*,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>SERIAL PRODUCTIONS LLC, *et al.*,  )<br>  )<br>Defendants.  )  ) ) ) ) | 7:18-cv-001167-LSC |

## PROTECTIVE ORDER

Plaintiff Craig Cargile, Administrator of the Estate of John B. McLemore ("Plaintiff") and Defendants Serial Productions, LLC, This American Life Public Benefit Corporation, Brian Reed, Shittown, LLC, Serial Podcast, LLC, American Whatever, LLC, and Chicago Public Media, Inc. ("Defendants") (together, the "Parties"), by and through their respective counsel of record in the above-captioned matter, hereby stipulate to the entry of this Stipulated Protective Order ("Order") pursuant to Federal Rule of Civil Procedure 26(c)(1):

**1.    PURPOSES AND LIMITATIONS**

The Parties acknowledge and agree that all documents and information produced and received in this action shall be used solely for purposes of the above-captioned litigation. The Parties acknowledge that disclosure and discovery activity

in this litigation is likely to include production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that have been and may be exchanged and/or produced in this case. The Parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

**2.    DEFINITIONS**

Except as otherwise expressly defined in this Order, the following definitions shall apply:

**2.1    Party**.  Any party to this action, including that party's counsel, consultants, and retained experts.

**2.2    Non-Party**.  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.3    Discovery Material**.  All items or information regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in

disclosures, responses to discovery (including responses to third-party subpoenas) or other requests for documentation in this matter.

**2.4  Receiving Party**.  A Party or Non-Party that receives Discovery Material from a Producing Party.

**2.5  Producing Party**.  A Party or Non-Party that produces Discovery Material in this case.

**2.6  Designating Party**.  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery or otherwise as "CONFIDENTIAL" Information or Items.

**2.7  "CONFIDENTIAL" Information or Material**.  "Confidential Information" shall mean any non-public Discovery Material deserving protection under Federal Rule of Civil Procedure 26(c) because the Producing Party in good faith reasonably believes that the documents or information so designated constitute: (a) non-public information that reveals trade secrets or that is proprietary or commercially sensitive financial information; (b) medical or psychiatric information concerning any individual; (c) personal income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; and/or (d) unpublished information generated or gathered in the course of news gathering and reporting.

**3.     SCOPE**

The protections conferred by this Order cover not only Confidential Information (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in this litigation or in other settings that might reveal Confidential Information.  The protections conferred by this Order apply with equal force to those responding to third-party discovery.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Information at trial shall be governed by a separate agreement or order.

Nothing in the Order shall be construed as requiring disclosure of documents, information, or any other materials that are privileged in nature, or

subject to the attorney-client privilege or the attorney work-product doctrine, and/or documents, information or other materials that are, or may be claimed to be, otherwise beyond the scope of permissible discovery.

**4.     DURATION**

This Order shall apply from the time it is entered, and shall survive the termination of this litigation.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING CONFIDENTIAL MATERIAL**

**5.1   Exercise of Restraint and Care in Designating Material as Confidential**.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the

material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

**5.2    Manner and Timing of Designations**.    The designation of Confidential Information shall be performed in the following manner:

**(a)    For information in documentary form**  (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Confidential Information.

**(b)    For testimony given in deposition or in other pre-trial proceedings**, testimony transcripts, testimony exhibits, and video recordings shall be treated as CONFIDENTIAL for thirty (30) days after receipt of the final transcript to allow time for designation of Confidential Information. The Designating Party shall designate and specify any portions of the testimony that qualify as "CONFIDENTIAL" in writing to all parties.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.  Alternatively, a Designating Party may specify, at the deposition or up to 30 days after receipt of the transcript that the entire transcript, or a portion thereof, shall be treated as "CONFIDENTIAL."

**Transcripts containing** Confidential Information **shall have an obvious legend on the title page that the transcript contains** Confidential Information**, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as** Confidential Information**. The Designating Party shall inform the court reporter of these requirements.**

**(c)    For information produced in some form other than documentary, and for any other tangible items**, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or items warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

**5.3    Inadvertent Failure to Designate or Disclosure**.  Pursuant to Fed. R. Evid. 502(d), an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not waive the Designating Party's right to secure protection under this Order for such material.  If material is designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

Additionally, the parties recognize the possibility of inadvertent production of materials to which a Party or Non-Party may make a claim of privilege or of protection from discovery as trial preparation material.  The inadvertent production of such material shall not operate as a waiver of that privilege or protection and shall not operate as any subject matter waiver of that privilege or protection.  The Receiving Party, on timely notification of the inadvertent production, shall make reasonable efforts to assure that the material is returned to the Producing Party.

**6.      CHALLENGING OTHER PARTY'S DESIGNATION**

    **6.1     Timing of Challenges**.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    **6.2     Meet and Confer**.  If a Party contends that any material is not entitled to "CONFIDENTIAL" treatment, such Party may give written notice to the Party or Non-Party who designated the material as "CONFIDENTIAL."  The parties

shall first try to resolve such dispute in good faith on an informal basis within fourteen (14) days of service of the written notice described above.

**6.3  Judicial Intervention**.  If the dispute cannot be resolved within fourteen (14) days of the written notice described above, the Party or Non-Party who challenges the designation of "CONFIDENTIAL" shall have twenty-eight (28) days from the Producing Party's receipt of such written notice to move the Court for an order removing the "CONFIDENTIAL" designation from the material.  Each such motion should include a declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the challenging party to make such a motion within 28 days shall automatically waive its right at a later time to challenge the confidentiality designation for each challenged designation.  The material shall continue to be treated as "CONFIDENTIAL" until that motion is decided by the Court.

**6.4  Burden**.  In all cases in which judicial intervention is sought for an order removing the "CONFIDENTIAL" designation from any material so designated, the Designating Party shall have the burden of persuasion to demonstrate that the material designated as "CONFIDENTIAL" is deserving of that designation under this Protective Order, the Federal Rules of Civil Procedure, or other applicable law.  The designation of particular material as

"CONFIDENTIAL" does not create any presumption that the material so designated is in fact deserving of such protection, nor does it limit the challenging party's ability to argue that any confidentiality protections have been forfeited by waiver or for any other reason. A party cannot make confidential that which the law does not recognize as confidential, simply by designating it as such.

**7. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

    **7.1 Basic Principles**. A Receiving Party may only use Confidential Information that is disclosed or produced by a Party or Non-Party in connection with this case for prosecuting, defending, or attempting to settle this litigation. Such Confidential Information may be disclosed only to the Court and to the categories of persons described in this Order provided with the Confidential Information. When the litigation has been concluded, a Receiving Party shall comply with the provisions of Section 11 below.

    Counsel for a Receiving Party who provides Confidential Information to a permitted person specified below shall maintain a copy of the signed Exhibit A ("Acknowledgment and Agreement to Be Bound").

    **7.2 Persons to Whom Confidential Information May Be Disclosed**. Unless otherwise ordered by the court or permitted in writing by the Designating

Party, material designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    **(a)** counsel for any party in this action, including attorneys of record or of counsel to a party and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, stenographic secretarial or clerical personnel assisting counsel in this action

    **(b)** a party, including in the case of corporate parties, their directors and officers, and employees designated to assist counsel in this action

    **(c)** experts who are assisting counsel in the preparation of this action and who are not employees of the defendant, including their assistants and stenographical, secretarial or clerical personnel

    **(d)** witnesses and deponents in this action who are shown the Confidential Information while testifying;

    **(e)** the author, custodian, or any individual identified as a recipient of the Discovery Material, or the original source of the information, who executes an acknowledgement in substantially the form attached hereto as Exhibit A;

    **(f)** court personnel and any court reporter or typist recording or transcribing testimony

**(g)**   any shorthand or court reporters or videographers retained to report a deponent's testimony taken in this case; and

**(h)**   any other person whom the parties agree, in advance and in writing, may receive such Confidential Information, provided such person has executed the form attached hereto as Exhibit A.

**7.3   Duty to Maintain Confidential Information Securely**.  Confidential Information must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.  Nothing in this Order shall be deemed to restrict in any way any Producing Party with respect to the use of its own Confidential Information.

**7.4   Presentation of Confidential Information to Court**.  The parties shall make a good faith effort to avoid unnecessarily filing documents or revealing Confidential Information in the public record.  Before seeking to file any Confidential Information under seal with the Court, the filing Party shall consult with the Designating Party to determine whether, with the consent of the Designating Party, the document or a redacted version of the document may be filed with the Court not under seal.

**8.    CONFIDENTIAL MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party in writing within a reasonable time period and in no event more than five (5) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is subject to this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to protect its confidentiality interests in the court from which the subpoena or order issued. This Order shall not be construed as requiring the Receiving Party to seek relief from the subpoena or to challenge or appeal any order of a court of competent jurisdiction requiring production of the information at issue.

**9.     NON-PARTY'S CONFIDENTIAL MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.    UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  The Designating Party reserves all rights against the Receiving Party for its violations.  In the event any Party or Non-Party violates or threatens to violate any term of this Order, any Party may seek immediate injunctive relief against any such Party or Non-Party violating or threatening to violate any term of this Order.

**11. FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) calendar days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Confidential Information to the Producing Party or certify in writing that all Confidential Information has been destroyed. As used in this subdivision, all Confidential Information includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Information. Whether the Confidential Information is returned or destroyed, the Receiving Party must submit a written certification under penalty of perjury to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Confidential Information. Notwithstanding this provision, counsel are entitled to retain one archival copy of all pleadings, exhibits used in the litigation, motion papers, transcripts, legal memoranda, correspondence or attorney work-product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order as set forth in Section 4.

## 12.  MISCELLANEOUS

**12.1  Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  Each Party expressly acknowledges that such modifications may be necessary.  Further, each Party expressly acknowledges that written modifications to this Order approved by the parties may be necessary as the case goes forward.

**12.2  Use for Litigation Purposes Only**.  Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that all documents and information produced or received in discovery shall be used solely for purposes of the above-captioned litigation, and shall not be used for any other purpose without prior consent of the producing party.  This limitation shall not apply to any material that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise.

**12.3  Enforcement**.  Each Party or person bound by this Order, including all those who have executed Exhibit A, agrees that the United States District Court for the Northern District of Alabama has jurisdiction to enforce the terms of this Order, and that such jurisdiction continues beyond the date this matter is

concluded. The United States District Court for the Northern District of Alabama shall retain jurisdiction over all parties and persons who have received Confidential Information for the purpose of enforcing the provisions of the Order after the action is otherwise terminated, making such rulings and entering such orders as may be necessary to compel compliance and impose sanctions as the Court shall determine. Should a dispute materialize concerning whether a person was improperly provided Confidential Information, the Party in possession of Exhibit A for that person shall provide it to the complaining party upon five (5) court days written notice.

    **12.4** **Right to Assert Other Objections**. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. The parties specifically agree that they shall not use this Order to support a waiver argument in any discovery motion, or to argue that any Party waived its objections to produce any particular documents or information.

    **12.5** **Effective Without Court Order**. The parties agree to be bound by this Order pending the entry of this Order, or an alternative thereto which is satisfactory to the parties, by the Court, and any violation of this Order's terms

shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

**DONE** and **ORDERED** on May 8, 2019.

_____
L. Scott Coogler
United States District Judge

195126